No. 6026.

# CONSOLIDATED FILM & SUPPLY COMPANY vs. BOARD OF ASSESSORS, ET AL.

## Syllabus.

Where a person domiciled in the State, has property permanently within its limits, but moving from place to place therein, such property should be assessed and taxed at the place where he has his domicile.

Appeal from the Civil District Court, for the Parish of Orleans, Division "C" No. 105,048. Hon. E. K. Skinner, Judge.

Edw. Rightor, for plaintiff and appellant.

Sneed, Terriberry & Reilley, for defendants and appellees.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Plaintiff appeals from a judgment fixing the assessment on its stock of moving picture films at $7,500.

The evidence shows that plaintiff is engaged in leasing films to moving-picture theatres; that it supplies about 100 of these show places, and requires at all times about 3 films for each theatre supplied; that each film costs on an average slightly less than $100; that a film lasts six months, after which it is destroyed; that of the 100 places supplied by plaintiff, about 25 are in the City of New Orleans, about 50 in the other Parishes of the State, and about 25 in neighboring States.

From the foregoing it is clear that **theoretically** the average value of all films, new and old, should be one-half the original cost. But inasmuch as well-meaning witnesses having **some** knowledge of the business, have

"estimated" the value of such films as averaging from $15 to $20 (but without facts to justify their estimate, or reasons stated therefor) we feel that we may safely take a middle course and fix the average value at one third the original cost, say $33.33 per film.

As plaintiff has at all tims 3 films at each theatre, it follows that the value of all films on hand at any time is about $100 for each theatre supplied. So that plaintiff's stock of films is distributed as follows:

At 25 theatres in New Orleans, $100 each, $2500.

At 50 theatres in other parishes, $100 each, $5000.

At 25 theatres outside the State, $100 each, $2500.

The $2500 worth of films outside the State are not taxable here; the $2500 worth of films in New Orleans are clearly so; but the question is whether the $5000 worth of films in the other parishes are taxable where the theatres are situated, or **here** where plaintiff has its domicile.

Now these films, though permanently within the State are constantly moving from parish to parish, and it seems to us that under the circumstances, the proper place to assess and tax them, is at the domicile of the owner.

We liken the case to that of a merchant having (say) 10 salesmen, each carrying (say) $100 worth of samples, remaining always within the State but traveling from place to place therein. The $1000 worth of merchandise carried by them as samples are certainly taxable somewhere, and it would seem to be in the parish in which the merchant maintains his principal establishment; being in fact property within the State consisting of "stock in trade * * * under his control." Sec. 1, Act 170 of 1898.

We therefore conclude that, where a person domiciled in the State, has property permanently within its limits, but moving from place to place therein, such property should be assessed and taxed at the place where he has his domicile.

We may add that on the basis which we have fixed, to-wit; $100 for each theatre supplied within the State, the tax thereon at 3% amounts to just one day's rental out of 365. We make mention of this merely to show that the taxes demanded of plaintiff are **not** exorbitant.

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, January 12th, 1914.